## Case No. 9,819.

### MORRELL v. CRAEFE.

[2 Wash. C. C. 380.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

EJECTMENT — POSSESSION FOR SIX YEARS—PENNSYLVANIA ACT—SHERIFF'S DEED.

The act of assembly of Pennsylvania, passed the 26th of March 1785 [2 Smith's Laws Pa. p. 301], which declares that no sheriff's deed, made bona fide, and for a valuable consideration, where quiet and peaceable possession has been had for six years, shall be adjudged defective for not producing any writ of fieri facias, &c., is a full answer to any objections founded on the process and its execution, under which the party acquired the title.

This was an ejectment for a house and lot in Philadelphia. The lessor of the plaintiff claimed under a sheriff's deed, made in virtue of a judgment, fieri facias, and venditioni exponas, against one Doyle. At the sale, the property was purchased and paid for by Mr. Ball, but intended for the family of Doyle, who remained in possession by permission of Ball, from the time of the purchase in 1770. In 1784, Ball sold so much of the entire lot as repaid his advance, leaving the part for which this ejectment is brought, which he conveyed to one Stewart, (who married Doyle's daughter,) and his wife, remainder to the heirs of the wife. The title was objected to, the return to the fieri facias, the inquisition, and the venditioni exponas, not being produced; and the purchaser not having obtained actual possession of the property.

BY THE COURT. The act of assembly, passed on the 26th of March 1785, which declares that no sheriff's deed, made bona fide, and for a valuable consideration, where quiet and peaceable possession hath been had of the same for six years, shall be adjudged defective, for not producing in court any writ of fieri facias, &c., or any returns thereon, is a full answer to the objection. The issuing of the necessary writs in this case, is proved by the docket of the court, and the possession of Doyle was the possession of Ball, under whom he held.

The defendant offered a deed from Mrs. Stewart to a person under whom he claims, made during her husband's life, whilst he was in Ireland, and which was given in order to raise money for her support. The court refused to let it be read, unless the death of her husband was proved, because, as the deed of a feme covert it was void.

The defendant then read a deed from Stewart, of his life estate, and contended that it was not clearly proved that Stewart was dead. The evidence was that he had not been heard of for many years. His wife married again, and two of the witnesses de-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

posed, that they had heard some years ago that he was dead.

WASHINGTON, Circuit Justice (charging jury). The whole cause turns upon the fact, whether Stewart is dead; because, if alive, the plaintiff who is only entitled to an estate in fee after his death, cannot recover. But the evidence in the cause, raises so strong a presumption of his death, that unless the contrary had been shown. the jury ought to consider the fact as proved

Verdict for the plaintiff.